**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICO DANCY,** | ) | **CASE NO. 1:17 CV 2033** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CUYAHOGA COUNTY** | ) | **AND ORDER** |
| **BOARD OF ELECTIONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff Rico Dancy filed this action against the Cuyahoga County Board of Elections.

In the Complaint (Doc. # 1), Plaintiff states he asked for interpreter services and his rights were

denied. He does not specify the relief he seeks.

In addition, Plaintiff filed an Application to Proceed *In Forma Pauperis*. That application is

granted.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court may dismiss an action

*sua sponte* if the Court clearly lacks jurisdiction over the matters presented in the Complaint. *Apple

v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37

(1974)). Generally speaking, the Constitution and Congress have given federal courts authority to

hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Plaintiff has not established a basis for federal court jurisdiction. He contends this Court has diversity jurisdiction. He is an Ohio Citizen. Cuyahoga County is also part of Ohio. There is no suggestion of diversity jurisdiction. Plaintiff also fails to identify a federal question and none is apparent on the face of the Complaint. Plaintiff has the burden of establishing this Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted). He has not satisfied that burden.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is **DISMISSED** for lack of jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

                                                  10/10/2017

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-3-